TROWBRIDGE *vs.* CHRISTMAS and others.

When A makes an usurious loan to B, and for security takes a mortgage directly to himself; and before any suit is commenced at law upon any of the securities, B files a bill to set aside the usurious transaction, this court has acquired jurisdiction, and a demurrer to such bill will be overruled.

*H. Shumway*, for complainant.

*John L. Talcott*, for defendants.

THE VICE CHANCELLOR. The facts in this case are very similar to those in the last case (Skinner *vs.* Christmas). There is this difference, however. In this case, the security for the money loaned, is a mortgage executed directly by the complainants to the defendants upon leasehold property, and no suit at law has been commenced against the complainant upon any of the alleged usurious securities. The first proceeding is by this bill in this court, which is filed to set aside the usurious securities. This court has properly acquired jurisdiction. The act of May 15, 1837, is imperative upon this court to lend its aid to the complainant in such case as the present. It is not sufficient here to say that the complainant has an adequate remedy at law. This court has first acquired jurisdiction, and besides, the defendants can enforce the collection of their money under the power of sale contained in the mortgage.

The demurrer in this case must therefore be overruled with costs.